UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

June 3, 2021

Ishmil Nelson
Inmate #71641-050
FCI Fort Dix
Joint Base MDL, NJ 08640
*Pro Se Defendant*

Thomas S. Kearney, Esq.
Assistant United States Attorney
United States Attorney District of New Jersey
970 Broad Street, Suite 700
Newark, NJ 07102
*Counsel for the United States of America*

## LETTER OPINION FILED WITH THE CLERK OF THE COURT

**Re:** *United States v. Ishmil Nelson*
**Criminal Action No. 18-300 (SDW)**

Litigants:

Before this Court is *pro se* Defendant Ishmil Nelson's ("Defendant") Motion for Compassionate Release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i). (D.E. 28.) This Court having considered the parties' submissions, and for the reasons discussed below, denies Defendant's motion.

## DISCUSSION

A.

Although a district court generally has limited authority to modify a federally-imposed sentence once it commences, *see United States v. Epstein*, Crim. No. 14-287, 2020 WL 1808616, at *2 (D.N.J. Apr. 9, 2020); *Dillon v. United States*, 560 U.S. 817, 825 (2010), the recently-enacted First Step Act ("FSA"), 18 U.S.C. § 3582(c)(1)(A)(i), permits district courts to grant compassionate release where there exist "extraordinary and compelling reasons" to reduce a sentence. The statute provides, in relevant part, that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to

appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c). As such, under the FSA, "a defendant seeking a reduction in [their] term of imprisonment bears the burden of establishing both that [they have] satisfied (1) the procedural prerequisites for judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release." *Epstein*, 2020 WL 1808616, at *2. At this second step, a court may reduce an inmate's sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) "if the court finds that (1) extraordinary and compelling reasons warrant a reduction, (2) the reduction would be consistent with applicable policy statements issued by the Sentencing Commission,[1] and (3) the applicable sentencing factors under § 3553(a) warrant a reduction." *United States v. Sparrow*, Crim. No. 18-653, 2020 WL 4364328, at *2 (D.N.J. July 30, 2020) (citation omitted).

B.

On April 25, 2019, Defendant pled guilty to possession of a firearm by a convicted felon and subsequently was sentenced to 72 months imprisonment and three years of supervised release. (D.E. 19, 24, 26.) Defendant is currently serving his sentence at Federal Correction Institution Fort Dix ("FCI Fort Dix") in New Jersey with an estimated release date of September 21, 2024. *See* https://www.bop.gov/inmateloc/ (last visited June 2, 2021).

Defendant requested compassionate release from the warden at FCI Fort Dix on January 13, 2021. (D.E. 28 at 1, 8.) His request was denied on February 5, 2021. (D.E. 29 at 3.) On February 22, 2021, Defendant appeared *pro se*[2] and moved this Court for compassionate release under the FSA due to: 1) the spread of the COVID-19 virus at FCI Fort Dix; and 2) Defendant's asthma, hypertension, obesity, and "kidney problems," which he contends put him "at high risk of death or severe illness if he catch[es] the COVID-19 virus."[3] (D.E. 28.) The Government opposed on May 24, 2021. (D.E. 29.)

---

[1] The Sentencing Commission's relevant policy statement identifies medical conditions that meet the "extraordinary and compelling" requirement as those where the defendant is (i) suffering from a terminal illness, or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1(A).

[2] The Office of the Federal Public Defender declined to enter an appearance on behalf of Defendant. (*See* D.E. 29 Ex. A.)

[3] Defendant also indicates that he seeks release in order to care for his minor son, whose mother died in February 2020. (D.E. 28.) Although the FSA provides for compassionate release on such grounds, relief is only appropriate where "it can be shown that family members, including minor children, are in dire need of a defendant's caregiving

2

C.

Defendant, a thirty-one-year-old man, contends that his asthma, hypertension, obesity, and "kidney problems" make him more vulnerable to becoming seriously ill should he contract COVID-19. (D.E. 28.) Regardless of Defendant's medical conditions, however, because he was offered and refused the COVID-19 vaccine, (*see* D.E. 29 Ex. B COVID-19 Vaccine Consent Form), he cannot establish that "compelling and extraordinary reasons" justify his release. *See Epstein*, 2020 WL 1808616, at *2. Defendant's refusal to engage in basic self-care undercuts his argument that compassionate release is required to protect his health and well-being. *See, e.g., United States v. Bobby Lanell Hargrove*, 2021 WL 2210844, at *4 (W.D.N.C. June 1, 2021) (finding that defendant's obesity did not qualify as an extraordinary and compelling reason for release "because [d]efendant has refused to be vaccinated"); *United States v. Lamont Fitzpatrick*, 2021 WL 2201683, at *1-2 (D.N.J. May 28, 2021) (holding that defendant failed to meet his burden to show extraordinary and compelling circumstances necessitating his release where he refused to be vaccinated); *United States of Am. v. Sterline Reneva Rivers*, 2021 WL 1946644, at *4-5 (M.D. Tenn. May 14, 2021) (same) (collecting cases); *United States v. Baeza-Vargas*, 2021 WL 1250349, at *2-3 (D. Ariz. Apr. 5, 2021) (noting that courts have consistently ruled "that an inmate's denial of a COVID-19 vaccination weighs against a finding of extraordinary and compelling circumstances") (citing cases). "To be clear, the Court does not purport to lecture Defendant that he should or should not take the vaccine; this is a personal choice for Defendant to make as he sees fit. What the Court is saying, rather, is that when a movant insists that his health and well-being require that he be (compassionately) released from incarceration to counter the risk of COVID-19, such insistence rings hollow when the movant is unwilling to counter that risk by resorting to something far more ordinary – taking the vaccine – than the extraordinary remedy of compassionate release he seeks." *Rivers*, 2021 WL 1946644. at *5.[4]

Even if this Court were to find that Defendant's health conditions constituted an extraordinary and compelling reason for release, it would still deny his motion because the applicable sentencing factors under 18 U.S.C. § 3553(a) weigh against his early release. If released

---

and other family members are afflicted by incapacitating, life-threatening illnesses." *United States v. Seals*, 2020 WL 7624948, at *3 (E.D. Pa. Dec. 22, 2020); *see also* U.S.S.G. § 1B1.13, cmt. n.1(C). Defendant, however, has provided no documentation that his son is in dire need of his care. The child's mother died a year before Defendant filed his motion, Defendant has provided no information about who has been caring for the child since then, the ability of other family members to look after him, or any other support for his claim that he should be released in order to be his son's caregiver. As a result, Defendant has failed to meet his burden to show "extraordinary and compelling reasons" regarding his son's care that would support his compassionate release.

[4] FCI Fort Dix is in the process of vaccinating its staff and inmate population and currently has fully vaccinated 247 staff members and 1484 inmates. *See* https://www.bop.gov/coronavirus/ (last visited June 2, 2021). There are currently no confirmed active cases of COVID-19 and only two inmate deaths have been reported at the facility. *Id.* Of its total inmate population of 2,848, 1,786 of FCI Fort Dix's inmates previously tested positive and have recovered – including Defendant. *Id*; *see also* D.E. 29 Ex. B COVID-19 Test Result 2/19/21. Having reviewed the safety protocols and procedures instituted by the Bureau of Prisons, *see* Bureau of Prisons, (last visited June 2, 2021), *https://www.bop.gov/coronavirus/*, this Court finds that Defendant's risk of serious illness or death is not substantially higher simply because he is in custody.

now, Defendant will have served only one-third of his sentence. Defendant pled guilty to possession of a firearm by a convicted felon and has a history of probation violations which shows a pattern of disrespect for the law and authority. Early release would not "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," or deter Defendant or others from similar conduct. *See* 18 U.S.C. §§ 3553(a)(2)(A). As a result, this Court cannot grant Defendant the relief he seeks.

**CONCLUSION**

For the foregoing reasons, Defendant's Motion for Compassionate Release is **DENIED**. Should a change in circumstances so require, Defendant may renew his motion. An appropriate order follows.

                                                   ___/s/ Susan D. Wigenton_____
                                                   **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties